IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| ROBERT REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | *8:17-CV-2564-T-30AEP* |
| | ) | |
| v. | ) | No. |
| | ) | |
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBERT REDMOND ("Plaintiff"), through his attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, CAPITAL ONE BANK, ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Defendant conducts business in Tampa, Hillsborough County, Florida.

1

TPA 046750

6. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Tampa, Hillsborough County, Florida.

8. Plaintiff is a consumer as that term is defined by the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

10. Defendant is a debt collector as that term is defined by the FCCPA.

11. Within the past year of Plaintiff filing this Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency headquartered in Glen Allen, Henrico County, Virginia.

## FACTUAL ALLEGATIONS

13. In or around February 2017, Defendant began calling Plaintiff's cellular telephone number at xxx-xxx-3301, in an attempt to collect an alleged debt.

14. None of the telephone calls Defendant made to Plaintiff were for an emergency purpose.

15. Defendant calls Plaintiff from 800-955-6600, which is one of Defendant's telephone numbers.

16. On one occasion since Defendant began calling Plaintiff's cellular telephone number, Plaintiff requested that Defendant stop calling him.

17. Specifically, on or around August 5, 2017, Plaintiff sent Defendant an e-mail requesting that Defendant stop calling him.

18. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone number, Defendant continued to call Plaintiff's cellular telephone.

19. Since Defendant began calling Plaintiff's cellular telephone number, Defendant has placed in excess of 100 calls to Plaintiff's cellular telephone number within a few months.

20. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

21. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

22. On at least one occasion, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

23. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, consent was revoked when Plaintiff requested that Defendant stop calling him.

24. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

25. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

26. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call telephone numbers in sequential order.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

34. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

35. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

36. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a.  Invading Plaintiff's privacy;

   b.  Electronically intruding upon Plaintiff's seclusion;

   c.  Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

   d.  Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of Plaintiff's cellular telephone; and

   e.  Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

37. Defendant violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ROBERT REDMOND, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK, for the following:

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

41. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendant violated the FCCPA based on the following:

    a. Defendant violated § 559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of

his family, when Defendant continued to place collection calls to Plaintiff's cellular telephone number after Plaintiff requested in writing that Defendant stop calling him and when Defendant placed in excess of 100 calls to Plaintiff's cellular telephone number within a few months.

WHEREFORE, Plaintiff, ROBERT REDMOND, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK, for the following:

44. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77,

45. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77.

46. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2).

47. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

October 24, 2017                    By:_/s/_____
                                   Shireen Hormozdi
                                   SBN: 0882461
                                   Hormozdi Law Firm, LLC
                                   1770 Indian Trail Lilburn Road, Suite 175
                                   Norcross, GA 30093
                                   Tel: 678-395-7795
                                   Fax: 866-929-2434
                                   shireen@agrusslawfirm.com
                                   shireen@norcrosslawfirm.com
                                   Attorney for Plaintiff